[No. 13649-3-III.    Division Three.    December 8, 1994.]

PAUL KREAGER, *Appellant*, v. WASHINGTON STATE UNIVERSITY, *Respondent*.

---

*William J. Powell* and *Powell & Morris,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Diane L. Mc-Daniel, Assistant,* for respondent.

MUNSON, J. — Paul Kreager appeals the decision of the Whitman County Superior Court affirming the Higher Education Personnel Board (Board) order which affirmed Mr. Kreager's layoff from employment by Washington State University (University). Mr. Kreager contends the court erred in failing to determine his layoff was arbitrary, capricious, and contrary to law. The University cross-appeals contending the Superior Court abused its discretion by granting review of the Board's decision.

Mr. Kreager had been employed in the computing center at the University since 1968. Beginning in 1988 he gave University-sponsored seminars outside the University on telecommunications planning. The conferences were jointly sponsored by Conferences and Institutes and Computing Services Center. Revenue generated by registration fees was divided evenly between the two sponsors.

In 1988-89 the project resulted in a net payment to the Computing Services Center of $6,851.50. The agreement was renewed for 1989-90, and at the end of that period the Computing Services Center received a total of $22,464 income from Mr. Kreager's work. In 1990-91 the project generated revenue of $46,500 to Computing Services Center.

In the summer of 1991, as a result of reductions in the amount of state appropriations, University departments were required to prepare budgets at reduced levels for the 1991-93 biennium. Because of budgetary restraints on other University departments which purchase services from the Computing Services Center, and because the Center's accumulated reserves had been depleted, it was essential for the Center to balance its budget for the 1991-93 biennium.

Joseph Douglas, Jr., had been recently hired as director of Computing Services and it fell to him to develop a balanced budget. In order to accomplish this, he closed several positions, including Mr. Kreager's. The layoff of Mr. Kreager reduced Computing Services' costs by $29,038, the amount of his salary and benefits. Mr. Douglas was not aware of any other cost reductions resulting from Mr. Kreager's layoff. At the time he decided to lay Mr. Kreager off, Mr. Douglas was aware this would result in a loss of about $40,000 in revenue. He provided several explanations for his decision: First, his understanding of Mr. Kreager's job was that it was not central to the mission of Computing Services. Second, he reasoned that since everyone in Computing Services contributes to generating revenue, any cost-cutting measure would result in some loss of revenue. And third, he believed the Budget and Finance Department only cared about cutting costs and thus the reduction in revenue would not be relevant.

Mr. Kreager filed a notice of appeal with the Board; the Board appointed a hearing examiner to conduct the hearing. Following the hearing, the hearing examiner entered written findings and conclusions and his recommended decision was to affirm dismissal of Mr. Kreager. The hearing examiner's recommended decision became final 40 days after service on the parties and transmission to the Board. *See* WAC 251-12-085(4).

Mr. Kreager appealed the decision to the Superior Court pursuant to former RCW 28B.16.150. The University moved to dismiss the judicial appeal, contending Mr. Kreager failed to pursue the available administrative remedy of filing written exceptions to the hearing examiner's recommended decision and seeking a hearing before the Board. *See* WAC 251-12-085(4), (5). The University also argued the court lacked jurisdiction because Mr. Kreager failed to comply with the service requirements for statutory appeal pursuant to former RCW 28B.16.150(2). The court orally granted the University's motion; that decision has not been appealed. However, the court granted appellate review to Mr. Kreager under the court's inherent powers of review. The court ultimately affirmed the dismissal of Mr. Kreager.

The University contends the court should not have granted review because Mr. Kreager failed to exhaust his administrative remedies.

The courts recognize three methods of appeal from administrative decisions: direct appeal expressly authorized by statute, such as former RCW 28B.16.150;[1] review pursuant to a statutory writ of certiorari, RCW 7.16.040;[2] and discretionary review pursuant to the courts' inherent constitutional powers. *Pierce Cy. Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693, 658 P.2d 648 (1983). Mr. Kreager sought review by this third method. Review under the court's inherent powers is limited to determining whether an administrative action was arbitrary and capricious or contrary to law. *Pierce*, at 693-94.

■ Under the exhaustion of remedies doctrine, an agency's action cannot be appealed in the courts until all rights of administrative appeal have been exhausted. *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984). The doctrine applies in cases where a claim is originally cognizable by an agency which has established mechanisms for resolving complaints by aggrieved parties and the administrative remedies can provide the relief sought. *South Hollywood*, at 73.

The Board had cognizance of Mr. Kreager's claim and procedures established by statute and administrative rule

---

[1]Former RCW 28B.16.150(1) provided:

"Within thirty days after the recording of the order and the mailing thereof, either party may appeal to the superior court of the county in which the employing institution or related board is located on one or more of the grounds that the order was:

"(a) Founded on or contained error of law, which shall specifically include error in construction or application of any pertinent rules or regulations;

"(b) Contrary to a preponderance of the evidence as disclosed by the entire record with respect to any specified finding or findings of fact;

"(c) Materially affected by unlawful procedure;

"(d) Based on violation of any constitutional provision; or

"(e) Arbitrary or capricious."

[2]RCW 7.16.040 provides:

"A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

provided for an appeal of the hearing examiner's decision by raising exceptions to that decision to the Board itself. Former RCW 28B.16.170; WAC 251-12-085. The rule authorizes the Board to affirm, reverse or modify any part of the hearing examiner's recommendation. The rule provides an administrative remedy for Mr. Kreager's complaint.

The exhaustion of remedies doctrine reflects a belief the judiciary should defer to administrative bodies having expertise in areas outside the experience of judges. *South Hollywood*, at 73. In *South Hollywood*, it was held to apply to plaintiffs seeking a writ of review under RCW 7.16.040. The same policy considerations require the doctrine's application in the context of the court's inherent power of review. If the inherent power of the court is available to circumvent established administrative review procedures, there is substantial risk that the power would be abused. *See Birch Bay Trailer Sales, Inc. v. Whatcom Cy.*, 65 Wn. App. 739, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992).

WAC 251-12-085 provides exceptions to the hearing examiner's decision are to be made to the Board. A claimant cannot pass up this review by the Board and then bring an objection to that decision, final after 40 days, to the superior court. The Board has not had an opportunity to pass on the objections of the claimant; it is the administrative reviewing body charged with reviewing the hearing examiner's decision, before going to the superior court. The superior court is entitled to have the benefit of the Board's ruling on the claimant's objections. Here, that was not available to the trial court or this court. In light of Mr. Kreager's failure to exhaust available remedies, the trial court abused its discretion in granting judicial review.

Because we hold the Superior Court erred in granting judicial review, we do not reach the substantive issue presented by Mr. Kreager.

The Board decision is affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.