[No. 23728-8-II. Division Two. March 31, 2000.]
RICK CHANEY, ET AL., *Appellants*, v. DANIEL FETTERLY, ET AL., *Respondents*.

*John Patrick O'Connor* of *Shillito & Giske, P.S.*; and *Robert Eugene Mack* of *Smith Alling Lane*, for appellants.

*Thomas J. Parkes*, for respondents.

MORGAN, J. — The main question in this appeal is whether the doctrine of exhaustion of administrative remedies applies when a superior court and a quasi-judicial administrative agency have concurrent original jurisdiction. The answer is no.

The Chaneys and the Fetterlys own adjacent waterfront lots in Pierce County. The Fetterlys' lot lies north of the

Chaneys' lot. Each lot is long and narrow, irregularly shaped, and subject to the Pierce County Code's administrative land use scheme.

The PIERCE COUNTY CODE (PCC) generally requires that a house be set back from the property line of the lot. It also contains procedures for obtaining variances and building permits, and procedures for appealing the decisions of County building officials. PCC 15.01.060 states that "[a]ny person(s) or party directly aggrieved by the approval or denial of a building permit or application or by any administrative decision or order of the Building Official or his designee, pursuant to Chapter 1 of the Uniform Building Code [UBC] . . . may appeal to the Pierce County Hearing Examiner by filing a notice of appeal within 20 calendar days of the building permit or written decision or order, of the Building Official."[1] PCC 15.01.060 also states that "[t]he Decision of the Pierce County Hearings Examiner is final" unless an appropriate person "brings an action appealing . . . to Superior Court." UBC ch. 1, § 108.5.2 provides that a foundation inspection shall "be made after excavations for footings are complete." UBC ch. 1, § 108.1 states that when construction work is inspected by a building official, "[a] survey of the lot may be required by the building official to verify that the structure is located in accordance with approved plans."[2]

In 1994, the Fetterlys wanted to build a house on their

[1]A different chapter of the PCC is not entirely consistent. PCC 1.22.080(B)(1)(g) states that a county hearing examiner may hear "[a]ppeals from any final administrative order or decision of the Planning Department in administration, interpretation or enforcement of the Pierce County Code." PCC 1.22.090(A) states that "[a]ny person aggrieved . . . by any decision of an administrative official, as set forth in Section 1.22.080(B), may file a notice of appeal." PCC 1.22.090(B) states that a notice of appeal must be filed "within 14 days of the date of an Administrative Official's decision." The discrepancy between a 20-day appeal period and a 14-day appeal period is not material here.

[2]Neither party relies on chapter 36.70C RCW, the Land Use Petition Act (LUPA), although the Fetterlys cite it once. They argue that we should affirm the trial court's dismissal on the ground that the Chaneys had to bring this action within the PCC's 14-day or 20-day "limitations period"—they are referring to the PCC's 14-day or 20-day time period for filing a notice of appeal—and that we could do that by "analogiz[ing] to the appeal period set forth in the Land Use Petition Act, which is 21 days of the date of the applicable land use decision." Br. of Resp'ts at 43. LUPA applies when a party seeks judicial *review* of a local

lot. They wanted to locate it where their north and south boundaries were about 68 feet apart. The Pierce County Code required a north-side setback of 25 feet and a south-side setback of 30 feet. The result was a lawful buildable area of only 13 feet.

The Fetterlys applied for a variance, and a hearing was held. Ms. Chaney attended but did not speak. A hearing examiner granted the variance, which reduced the north-side setback to eight feet and the south-side setback to eight feet. No one appealed, and the propriety of the variance is not now disputed.

In April 1997, the Fetterlys obtained a building permit based in part on the eight-foot south-side setback. No one appealed, and the propriety of the building permit is not genuinely disputed.[3]

In late May or early June 1997, workers poured foundation footings for the new house. On June 4, 1997, a Pierce County building official approved the location of the foundation. On July 4 and July 5, 1997, the Chaneys notified the Fetterlys that the new house was encroaching into the eight-foot south-side setback area. The Fetterlys continued with construction. At present, however, the Fetterlys acknowledge that the house does indeed encroach into the eight-foot south-side setback area; according to a survey, it is within 2.6 feet of the Fetterly-Chaney boundary at one point, and no more than 7.88 feet from the Fetterly-Chaney boundary at any point.[4]

Later in July, while construction was still going on, the

---

jurisdiction's land use decision, which is the same as to say that LUPA applies when a party asks the superior court to exercise *appellate* jurisdiction. *See, e.g.,* RCW 36.70C.010; RCW 36.70C.030. Here, as discussed more fully below, the Chaneys are asking the superior court to exercise *original* jurisdiction.

[3]The Fetterlys claim the Chaneys should have appealed the issuance of the building permit. The Chaneys had no reason to do so, for they were not and are not assailing the variance or the eight-foot south-side setback. The Fetterlys' claim has no merit.

[4]The Fetterlys conceded the encroachment at oral argument in this court. They attribute it to a survey monument's being in the wrong place when the foundation was poured. They claim that the Chaneys contributed to the mistake, a claim that the Chaneys deny. Because this is a summary judgment proceeding, we take the evidence and reasonable inferences in the light most favorable to the Chaneys.

Chaneys complained to Pierce County that the house was encroaching into the south-side setback. By letter dated July 30, 1997, the County declined to act. It said that the matter was "a property line dispute"; that "[r]esolution may be pursued as a [c]ivil [a]ction"; and that "Pierce County is not a party to property line disputes between neighbors."[5]

Notwithstanding its letter of July 30, 1997, the County issued a stop work order on August 18, 1997. Two days later, on August 20, it lifted the order and stated again that the "[s]etback dispute is a civil matter[.]"[6]

On September 16, 1997, the Chaneys filed this original action in superior court. They prayed for an injunction and damages.

On January 22, 1998, the Fetterlys moved for summary judgment. They claimed that the Chaneys could not sue in superior court because the Chaneys had failed to exhaust their administrative remedies. The Fetterlys also claimed laches and equitable estoppel. The trial court granted the motion on the ground that the Chaneys had failed to exhaust their administrative remedies. After it dismissed the complaint with prejudice,[7] the Chaneys brought this appeal.

I

According to the Fetterlys, the Chaneys may not sue for an injunction and damages because the Chaneys did not exhaust their administrative remedies through the County. The Fetterlys claim that the "Chaneys could have but failed to administratively appeal," to a hearing examiner and then to superior court: (a) the County's June 4 approval of the foundation; (b) the County's July 30 refusal to act; and (c) the County's August 20 withdrawal of the stop work order.[8]

---

[5]Clerk's Papers at 72.

[6]Clerk's Papers at 41.

[7]The trial court dismissed without prejudice claims that the Fetterlys wrongfully cut trees and breached an agreement to pay for such trees. Those claims are not in issue on this appeal.

[8]Br. of Resp'ts at 19, 33. As observed in a previous footnote, the Fetterlys also

Describing *the effect* of the doctrine of exhaustion of administrative remedies, the Fetterlys say that the doctrine "prohibits a party from contesting an agency action in court unless the party has first exhausted available administrative remedies."[9] Before the *effect* of a doctrine can be material, however, the doctrine must *apply*. Here then, we examine whether the doctrine applies.

Whether the doctrine of exhaustion applies depends on the nature of the relationship between the administrative agency and the superior court. In situations where each has jurisdiction of some kind, the agency may have *original* jurisdiction, while the superior court has *appellate* jurisdiction; or, (2) the agency and the superior court may have *concurrent original* jurisdiction. The Supreme Court has recognized the first relationship by stating:

> An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court. [*Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995).] Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked. *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990); *Clymer v. Employment Sec. Dep't*, 82 Wn. App. 25, 27, 917 P.2d 1091 (1996).[10]

The Supreme Court has recognized the second relationship by stating that "[w]hen both a court and an agency have

claim that the Chaneys should have appealed the April 1997 issuance of a building permit. The Chaneys had no reason to do so, for they were not objecting to anything that the building permit allowed. Accordingly, we omit the building permit from the main text.

[9]Br. of Resp'ts at 16 (citing *Spokane County Fire Protection Dist. No. 9 v. Spokane County Boundary Review Bd.*, 97 Wn.2d 922, 928, 652 P.2d 1356 (1982)).

[10]*Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998). *See also City of Seattle v. Public Employment Relations Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991) ("When reviewing an administrative decision, the superior court is acting in its limited appellate capacity, and all statutory procedural requirements must be met before the court's appellate jurisdiction is properly invoked."); *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990) ("Appeals from administrative tribunals invoke the appellate, not the general or original, jurisdiction of the superior court."); *Petta v. Department of Labor & Indus.*, 68 Wn. App. 406, 408, 842 P.2d 1006 (1992) (citing *Fay*), *review denied*, 121 Wn.2d 1012 (1993); *Spokane County v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 829, 737 P.2d 1022 (1987).

jurisdiction over a matter, the doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision."[11]

The doctrine of exhaustion regulates the first relationship. It prevents a party from omitting to use, or starting to use but then abandoning before final conclusion, the *only* forum that has original jurisdiction.[12] It functions much like RAP 2.2[13] and CR 54,[14] which similarly provide

---

[11]*Vogt v. Seattle-First Nat'l Bank*, 117 Wn.2d 541, 554, 817 P.2d 1364 (1991). *See also In re Real Estate Brokerage Antitrust Litig.*, 95 Wn.2d 297, 302-04, 622 P.2d 1185 (1980); *Schmidt v. Old Union Stockyards Co.*, 58 Wn.2d 478, 484, 364 P.2d 23 (1961) (citing *United States v. Western Pac. R.R.*, 352 U.S. 59, 63-64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956)); *City of Ellensburg v. King Videocable Co.*, 80 Wn. App. 901, 905, 912 P.2d 506, *review denied*, 129 Wn.2d 1028 (1996).

[12]*South Hollywood Hills Citizens Ass'n v. King County*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984); *Kreager v. Washington State Univ.*, 76 Wn. App. 661, 664, 886 P.2d 1136 (1994); *Dils v. Department of Labor & Indus.*, 51 Wn. App. 216, 219, 752 P.2d 1357 (1988).

[13]RAP 2.2(a)(1) provides:

 **(a) Generally.** Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:

 (1) *Final Judgment.* The final judgment entered in any action or proceeding.

RAP 2.2(a)(3) provides:

*Decision Determining Action.* Any written decision affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action.

RAP 2.2(d) provides:

 **(d) Multiple Parties or Multiple Claims or Counts.** In any case with multiple parties or multiple claims for relief, or in a criminal case with multiple counts, an appeal may be taken from a final judgment which does not dispose of all the claims or counts as to all the parties, but only after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay. The findings may be made at the time of entry of judgment or thereafter on the court's own motion or on motion of any party. The time for filing notice of appeal begins to run from the entry of the required findings. In the absence of the required findings, determination and direction, a judgment that adjudicates less than all the claims or counts, or adjudicates the rights and liabilities of less than all the parties, is subject only to discretionary review until the entry of a final judgment adjudicating all the claims, counts, rights, and liabilities of all the parties.

[14]CR 54(a)(1) provides:

 (1) *Judgment.* A judgment is the final determination of the rights of the

that a party may not appeal from a court with original jurisdiction (the superior court) to a court with appellate jurisdiction (the Court of Appeals or Supreme Court) unless the party "exhausts" his or her remedies in the sense of obtaining a final and appealable superior court order.[15] As the Washington Supreme Court has observed:

> The doctrine of exhaustion of administrative remedies is well established in Washington. The rule provides that "[i]n general an agency action cannot be challenged *on review* until all rights of administrative appeal have been exhausted." *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd.*, 97 Wn.2d 922, 928, 652 P.2d 1356 (1982).[16]

And as the Court of Appeals has similarly observed:

> Under the exhaustion of remedies doctrine, an agency's action *cannot be appealed* in the courts until all rights of administrative appeal have been exhausted. *South Hollywood Hills Citizens Ass'n v. King County*, 101 Wn.2d 68, 73, 677

---

parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in [CR] 58.

CR 54(b) provides:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment. The findings may be made at the time of entry of judgment or thereafter on the court's own motion or on motion of any party. In the absence of such findings, determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[15]*Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 500, 503, 798 P.2d 808 (1990), *review denied*, 118 Wn.2d 1029 (1992); *Doerflinger v. New York Life Ins. Co.*, 88 Wn.2d 878, 880-81, 567 P.2d 230 (1977); *Pepper v. King County*, 61 Wn. App. 339, 345, 810 P.2d 527 (1991).

[16]*South Hollywood Hills Citizens Ass'n*, 101 Wn.2d at 73 (emphasis added).

P.2d 114 (1984). The doctrine applies in cases where a claim is originally cognizable by an agency which has established mechanisms for resolving complaints by aggrieved parties and the administrative remedies can provide the relief sought.[17]

In contrast, the doctrine of primary jurisdiction regulates the second relationship. It applies when a court and an administrative tribunal have concurrent original jurisdiction, and the court is deciding whether it should defer to the tribunal.[18] Thus, it "enable[s] referral of a claim" from the court to the administrative agency, but "[i]t does not deprive the court of jurisdiction."[19] It functions much like the doctrine of forum non conveniens, which similarly applies when two courts have original jurisdiction and one is deciding whether to defer to the other.[20] As the Supreme Court observed in one case:

> When *both a court and an agency have jurisdiction* over a matter, the doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision. The court will usually defer to agency jurisdiction if enforcement of a private claim involves a factual question requiring expertise that the courts do not have or involves an area where a uniform determination is desirable. No fixed formula exists for determining when the doctrine of primary jurisdiction should be applied.[21]

---

[17]*Kreager,* 76 Wn. App. at 664 (emphasis added); *see also Dils,* 51 Wn. App. at 219 ("Agency action cannot be challenged *on review* until all rights of administrative appeal have been exhausted.") (emphasis added).

[18]*Vogt,* 117 Wn.2d at 554; *In re Real Estate Brokerage Antitrust Litig.,* 95 Wn.2d at 302-03.

[19]*King Videocable Co.,* 80 Wn. App. at 905 (citing *Reiter v. Cooper,* 507 U.S. 258, 268-69, 113 S. Ct. 1213, 122 L. Ed. 2d 604 (1993)).

[20]*Myers v. Boeing Co.,* 115 Wn.2d 123, 128-29, 794 P.2d 1272 (1990) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)); *Lynch v. Pack,* 68 Wn. App. 626, 629-30, 846 P.2d 542 (1993).

[21]*Vogt,* 117 Wn.2d at 554 (emphasis added) (citations omitted). *See also American Legion Post No. 32 v. City of Walla Walla,* 116 Wn.2d 1, 5-6, 802 P.2d 784 (1991); *Valley View Indus. Park v. City of Redmond,* 107 Wn.2d 621, 633, 733 P.2d 182 (1987) (superior court had original jurisdiction over constitutional takings claim); *Jaramillo v. Morris,* 50 Wn. App. 822, 828-29, 750 P.2d 1301 (1988).

And as the Supreme Court observed in another case:

" 'Primary jurisdiction' . . . applies *where a claim is originally cognizable in the courts*, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views."

. . . .

The application of the doctrine of primary jurisdiction is "not mandatory in any given case, but rather is within the sound discretion of the court"; it is " 'predicated on an attitude of judicial self-restraint.' " *Kerr v. Department of Game*, 14 Wn. App. 427, 429, 542 P.2d 467 (1975), *review denied*, 86 Wn.2d 1013 (1976).[22]

■ The present case is not one in which an administrative tribunal had exclusive original jurisdiction and the superior court had only appellate jurisdiction. On the contrary, the superior court had original jurisdiction under state law,[23] which trumps any conflicting local ordinance.[24]

---

[22]*In re Real Estate Brokerage Antitrust Litig.*, 95 Wn.2d at 302, 305 (quoting *Schmidt v. Old Union Stockyards Co.*, 58 Wn.2d at 484 (emphasis added) (original emphasis omitted)). *See also King Videocable Co.*, 80 Wn. App. at 905 (quoting *Western Pac. R.R.*, 352 U.S. at 64 and *Cooper*, 507 U.S. at 258-59); *Kringel v. Department of Soc. & Health Servs.*, 47 Wn. App. 51, 53, 733 P.2d 592, *review denied*, 108 Wn.2d 1034 (1987); *Moore v. Pacific N.W. Bell*, 34 Wn. App. 448, 451-52, 662 P.2d 398, *review denied*, 100 Wn.2d 1005 (1983); *S.S. Kresge Co. v. Port of Longview*, 18 Wn. App. 805, 809, 573 P.2d 1336 (1977), *abrogated on other grounds*, *American Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 230-31, 797 P.2d 477 (1990).

[23]WASH. CONST. art. IV, § 6; RCW 7.40.010–.230.

[24]WASH. CONST. art. XI, § 11 ("Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."); *Weden v. San Juan County*, 135 Wn.2d 678, 693, 958 P.2d 273 (1998) ("Article XI, section 11 requires a local law yield to a state statute on the same subject matter if that statute 'preempts the field,' leaving no room for concurrent jurisdiction,' or 'if a conflict exists such that the two cannot be harmonized.' ") (quoting *Brown v. City of Yakima*, 116 Wn.2d 556, 559, 561, 807 P.2d 353 (1991)); *Association of Rural Residents v. Kitsap County*, 95 Wn. App. 383, 395, 974 P.2d 863, *review granted*, 138 Wn.2d 1008 (1999) ("Where a local ordinance cannot be harmonized with a conflicting statute, the statute prevails.").

Here then, the doctrine of exhaustion of administrative remedies does not apply.

■ Nor can the Fetterlys rely on the doctrine of primary jurisdiction. A party who would rely on that doctrine must show that

1. The administrative agency has the authority to resolve the issues that would be referred to it by the court. . . .

2. The agency [has] special competence over all or some part of the controversy which renders the agency better able than the court to resolve the issues; and

3. The claim before the court . . . involve[s] issues that fall within the scope of a pervasive regulatory scheme so that a danger exists that judicial action would conflict with the regulatory scheme.[25]

None of these factors is present here. The Pierce County hearing examiner did not have authority to resolve a claim for injunction and/or damages.[26] The hearing examiner was less competent than the superior court on the issue of an unlawful encroachment, for the superior court possesses more tools (e.g., injunction and damages) with which to fashion a fair and equitable remedy. There is little danger that superior court action would conflict with the County's regulatory scheme, because the superior court action would simply *enforce* the County's regulatory scheme.[27] We conclude that the doctrine of exhaustion of administrative

---

[25]*In re Real Estate Brokerage Antitrust Litig.*, 95 Wn.2d at 302-03 (citations omitted).

[26]We reject the Fetterlys' reliance on PCC 18.140.040. That section states that "[t]he County may remove, correct, or replace any improperly constructed facility, structure, or portion thereof," and that "[a]ll expenses incurred by the County shall be paid by the property owner." It *permits* but does not *require* the County to proceed against the Fetterlys, and the County has declined to do so. It does not permit the Chaneys to proceed against the Fetterlys, and it does not permit the Chaneys to sue the County to compel the County to proceed against the Chaneys. It plays no role here.

[27]A host of other reasons may also exist for not referring the case from superior court to the County's administrative process. For example, the County twice refused to act, and the Fetterlys are claiming the time for the County to act has long passed.

remedies does not apply, and that we cannot affirm using the doctrine of primary jurisdiction.

## II

The Fetterlys' second argument is related to their first. They contend that the Chaneys may not sue for an injunction and damages because the Chaneys failed to file a notice of appeal within 20 days of June 4, July 30, and August 20. It is axiomatic that a party must file a notice of appeal when he or she is asking an upper tribunal to review the ruling of a lower tribunal, or, in alternative terms, when he or she is asking the upper level tribunal to exercise *appellate* jurisdiction.[28] Because the Chaneys were asking superior court to exercise *original* jurisdiction, they were not required to file a notice of appeal at all, much less within 20 days.

## III

 The Fetterlys claim that "[i]f this Court determines that the Chaneys' action should not have been dismissed . . . for failure to exhaust administrative remedies, the Court should also determine that the Chaneys are not entitled to injunctive relief."[29] This argument overlooks that the propriety of an injunction is a matter addressed to the sound discretion of the trial court, not to the appellate court.[30] It also overlooks that the propriety of an injunction depends on a balancing of all the equities; that balancing cannot be accomplished before issues of material fact are resolved; and that material issues remain here (e.g., when the Chaneys first learned of the encroachment; whether

---

[28]*See* RAP 5.1(a); *see also Fay*, 115 Wn.2d at 197-98 (invoking superior court's appellate review of an order of administrative board requires party to file a notice of appeal); *Public Employment Relations Comm'n*, 116 Wn.2d at 926 (same).

[29]Br. of Resp'ts at 35-36.

[30]*Marion Richards Hair Design, Inc. v. Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors Int'l Union*, 59 Wn.2d 395, 396, 367 P.2d 806 (1962); *Isthmian S.S. Co. v. National Marine Eng'rs Beneficial Ass'n*, 41 Wn.2d 106, 117, 247 P.2d 549 (1952).

and why they waited until September to bring this action; and whether they contributed to the mislocation of a survey monument).

The Fetterlys also claim that this court should affirm the trial court's order of dismissal on the basis of laches and equitable estoppel. Taking the facts and reasonable inferences in the light most favorable to the Chaneys, we hold that neither doctrine applies here.

The judgment is vacated, the complaint is reinstated, and the case is remanded to the superior court.

BRIDGEWATER, C.J., and ARMSTRONG, J., concur.

Reconsideration denied May 1, 2000.

Review denied at 142 Wn.2d 1001 (2000).