204 P.3d 254 (2009)
Ted SPICE and Plexus Development, LLC, Appellant,
v.
PIERCE COUNTY, a political subdivision, and City of Puyallup, a municipal corporation, Respondents.
No. 37281-9-II.
Court of Appeals of Washington, Division 2.
March 31, 2009.
Carolyn A. Lake Goodstein Law Group PLLC Tacoma, WA, for Appellant.
David Brian St. Pierre, Pierce County Office of Prosecuting Atty  Civil, Tacoma, WA, *255 Kevin John Yamamoto, Gary Neil McLean, Puyallup, WA, for Respondents.
HUNT, J.
¶ 1 Ted Spice and Plexus Development, LLC (Spice and Plexus) appeal the superior court's denial of their CR 60(b)(5) and (11) motion to vacate the superior court's dismissal of their LUPA[1] petition, challenging the Pierce County Hearing Examiner's Findings of Fact, Conclusions of Law, and Decision, concerning their water service dispute with Pierce County and the City of Puyallup. Spice and Plexus argue that (1) the superior court lacked jurisdiction to enter an order of involuntary dismissal after they had already voluntarily dismissed their LUPA appeal under CR41(a); (2) the superior court's dismissal order with prejudice was void because CR 41(b) limits its authority to dismissal without prejudice; (3) thus, the superior court erred in denying their motion to vacate this "void" dismissal order; (4) the superior court erred in denying their motion to vacate the dismissal order as untimely because they brought the motion within a reasonable time; and (5) the superior court erred in denying their motion to vacate because it had prematurely entered the involuntary dismissal order after only ten months, contrary to CR 41(b)'s requirement of a one-year lapse before the trial court can enter such an order. Underlying Spice and Plexus's arguments in their briefing is their contention, articulated during oral argument, that we must resolve these issues to prevent the County and the City from raising res judicata and collateral estoppel in ongoing water-seeking applications and hearing examiner proceedings.
¶ 2 We hold that Spice and Plexus's voluntary withdrawal of their LUPA petition from superior court finally terminated all further appellate review of the County Hearing Examiner's Findings of Fact, Conclusions of Law, and Decision.[2] Accordingly, we dismiss Spice and Plexus's appeal as frivolous and award attorney fees and costs to the County and to the City under RAP 18.1 and 18.9(a).

FACTS
¶ 3 On February 2, 2006, Ted Spice and Plexus Development, LLC, filed a petition in superior court under LUPA, RCW 36.70C, seeking review of a primarily favorable[3] January 12 Pierce County Deputy Hearing Examiner's decision in their development-related water services dispute with the City of Puyallup and Pierce County. On November 17, Spice and Plexus formally withdrew their LUPA petition from superior court appeal.[4] They served their "withdrawal" on the City and the County.
*256 ¶ 4 On November 22, the County moved the superior court to dismiss Spice and Plexus's LUPA petition with prejudice under CR 41(b). On December 6, Spice and Plexus moved to continue the hearing date for the motion to dismiss. The County opposed the continuance. On December 8, with only the County and the City present, the superior court entered an order dismissing Spice and Plexus's LUPA petition with prejudice. Spice and Plexus neither moved the superior court to reconsider its dismissal with prejudice, nor did they appeal the superior court's dismissal to us.
¶ 5 Thirteen months later, on January 3, 2008, Spice and Plexus filed a motion in superior court under CR 60(b)(5) and (11) and CR 41(b) to vacate its December 8, 2006 order dismissing their LUPA petition, which they had previously withdrawn. On January 11, the superior court denied Spice and Plexus's motion to vacate its 13-month-old order of dismissal. Spice and Plexus now appeal the superior court's denial of their motion to vacate the court's order dismissing their previously voluntarily withdrawn LUPA appeal.

ANALYSIS
¶ 6 We do not address the bulk of Spice and Plexus's arguments because (1) there is no meaningful relief we can grant them; and (2) the order they appeal is moot in light of their prior voluntary withdrawal of their LUPA petition, which terminated all further review of the County Hearing Examiner's ruling by any court under LUPA (chapter 36.70C RCW) and its corresponding procedures.

I. Voluntary Withdrawal of LUPA Petition
¶ 7 An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court. Chaney v. Fetterly, 100 Wash.App. 140, 145, 995 P.2d 1284, review denied, 142 Wash.2d 1001, 11 P.3d 824 (2000). Acting in its appellate capacity, the superior court has limited statutory jurisdiction, and all statutory requirements must be met before it properly invokes this jurisdiction. Chaney, 100 Wash.App. at 145, 995 P.2d 1284 (citing Fay v. Nw. Airlines, Inc., 115 Wash.2d 194, 197, 796 P.2d 412 (1990)).
¶ 8 The legislature intended LUPA to function as "the exclusive means of judicial review of land use decisions." Habitat Watch v. Skagit County, 155 Wash.2d 397, 407, 120 P.3d 56 (2005) (quoting RCW 36.70C.030(1)). To serve the purpose of timely review, LUPA provides stringent deadlines, requiring the parties to file a petition for review and to serve it on the parties within 21 days of the date of the land use decision. Asche v. Bloomquist, 132 Wash. App. 784, 795, 133 P.3d 475 (2006), review denied, 159 Wash.2d 1005, 153 P.3d 195 (2007); citing RCW 36.70C.040(3). "[O]nce a party has had a chance to challenge a land use decision and exhaust all appropriate administrative remedies, a land use decision becomes unreviewable by the courts if not appealed to the superior court within LUPA's specified timeline." Habitat Watch, 155 Wash.2d at 406-07, 120 P.3d 56 (holding that even illegal decisions under local land use codes must be challenged under LUPA within the 21-day period).
¶ 9 Spice and Plexus complied with the initial LUPA requirements when they filed their LUPA petition in superior court within 21 days of the County hearing examiner's decision. If they had pursued their LUPA petition and obtained superior court review, sitting in its appellate capacity, they could have sought further appellate review in our court.
¶ 10 Instead, Spice and Plexus served and filed a formal pleading that withdrew their LUPA petition from the superior court.[5] The effect of a party's voluntary dismissal or withdrawal of an action renders the proceeding a nullity and leaves the parties in the same position as if the action had never occurred. Wachovia SBA Lending v. Kraft, 138 Wash.App. 854, 861, 158 P.3d 1271 (2007); Logan v. North-West Ins. Co., 45 Wash.App. 95, 99, 724 P.2d 1059 (1986) (where an original action is dismissed, a statute of limitations continues to run as though the action had never been brought). But *257 unlike a party's ability to dismiss a complaint without prejudice and to refile before expiration of the applicable statute of limitations, if a party fails to file a LUPA petition within 21 days of a land use decision or, alternatively, terminates a timely filed LUPA petition (and does not refile within the required time period), the statute bars any further judicial review of the land use decision, rendering further attempts to seek judicial review frivolous. RCW 36.70C.040. Thus, when Spice and Plexus voluntarily withdrew their timely-filed LUPA petition from Pierce County Superior Court more than 21 days after the Hearing Examiner's decision, they extinguished their statutory right to judicial review of the County hearing examiner's January 12, 2006 decision.
¶ 11 Accordingly, we hold that the superior court's subsequent orders dismissing Spice and Plexus's LUPA petition and denying their motion to vacate the dismissal order were moot for purposes of the matter currently before us. Moreover, because Spice and Plexus voluntarily withdrew their LUPA petition from superior court, there is no relief we can provide and the issues they raise are not properly before us. For these reasons, we further hold that their appeal before our court is frivolous[6] and dismiss it. In addition, we grant attorney fees under RAP 18.1 and 18.9(a) to the County and to the City as they request in their respective briefs.[7]
We concur: ARMSTRONG, J., and VAN DEREN, C.J.
NOTES
[1] Chapter 36.70(C) RCW.
[2] At that point, any collateral estoppel or res judicata consequences flowed directly from Spice and Plexus's termination of their LUPA petition. Thus, the superior court's subsequent dismissal of Spice and Plexus's LUPA petition, with or without prejudice, had no bearing on collateral estoppel or res judicata consequences; and the superior court's order denying Spice and Plexus's motion to vacate is moot. Moreover, such consequences apparently have been raised below in parallel ongoing proceedings, which are not currently before our court.
[3] In their LUPA petition, Spice and Plexus asserted that although the Deputy Hearing Examiner had granted reconsideration of their development proposal and provided nearly all of the remedies that they had sought, nevertheless, they wanted the superior court to provide a "full measure of relief," namely requiring the City of Puyallup to abide by its duty to provide water services to them and other similarly situated property owners.
[4] "Petitioner's [sic] Withdrawal of Petition for Judicial Review (LAND USE PETITION ACT)" stated in full:

Petitioners Ted Spice and Plexus Development, LLC, by and through their attorneys, Carolyn A. Lake of the Goodstein Law Group PLLC, hereby withdraws their Petition to the Pierce County Superior Court for review of the Pierce County Deputy Hearing Examiner's May 19, 2005 Decision in the Resolution of a Water Service Dispute involving Ted Spice and Plexus Development, LLC and the City of Puyallup and the Deputy Examiner's January 12, 2005 Decision on Reconsideration for same ("Decision").
Petitioner intends to seek alternative, supplemental relief as set forth in Pierce County Deputy Hearing Examiner's January 12, 2005 Decision on Reconsideration. A copy of this withdrawal will [be] sent to all parties.
Clerk's Papers (CP) at 29.
[5] See n. 3, supra.
[6] We note, but do not include as a reason for finding this appeal frivolous, that Spice and Plexus acknowledge in their brief, CP at 1, that the County hearing examiner's January 12, 2006 decision, for which they initially sought LUPA review, was primarily favorable to them. As their attorney commented during oral argument, they withdrew their LUPA appeal in order to pursue an alternative allowed by the same hearing examiner's order. Moreover, there are currently pending proceedings before either the City or County hearing examiners in this matter. And at oral argument, the City represented that it is still waiting for Spice and Plexus to file a request for water service from the City, which they can file at any time.
[7] Our court commissioner will determine these fees and costs upon the County and the City's compliance with RAP 18.1.