LUCILLE PARKER, Plaintiff-Appellant, v. FRANCINE LENT *et al.*, Defendants-Appellees.

First District (4th Division)   No. 86—1813

Opinion filed February 25, 1988.

Jay A. Schiller, of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Robert C. La-

mont, Anthony J. Kiselis, and Lloyd E. Williams, Jr., of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Lucille Parker (Parker) appeals from the trial court's entry of summary judgment in favor of defendants Francine and Larry Lent (the Lents). Parker's complaint against the Lents alleged that the Lents negligently caused Parker to be arrested and detained by the police on the basis of an improperly issued order of attachment for contempt.

We affirm.

BACKGROUND

The following summarizes the relevant facts stated in Parker's complaint, the Lents' answer thereto, and affidavits presented by the Lents in support of their motion for summary judgment.

In 1979, the Lents obtained a money judgment against Parker. Thereafter, in an effort to collect this debt, the Lents pursued citation proceedings and obtained the issuance of several rules to show cause for contempt against Parker. Subsequently, in good-faith reliance and upon return of service of the rules to show cause which indicated that Parker had been served therewith, and pursuant to the trial court judge's direction when Parker had repeatedly failed to appear at the hearings on the rules to show cause, the Lents caused to be issued an attachment for contempt upon Parker. Parker was arrested and detained overnight at a police station and released by court order the following day. According to her complaint, she was never served with any rule to show cause issued with respect to the Lents' citation proceedings. However, Parker admitted that she knew a rule to show cause had been issued and a hearing scheduled with regard to that rule.

Parker filed a negligence and intentional tort action against the Lents, seeking damages for the Lents' alleged negligent use of and malicious abuse of judicial process and the judicial system. The trial court entered summary judgment in favor of the Lents, and Parker appeals.

OPINION

Summary judgment is proper where the parties' pleadings and affidavits reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005; *Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 515 N.E.2d 1047.) Based upon this standard and a review of the relevant documents of record, we determine that the trial court's entry of summary judgment in favor of the Lents was appropriate.

Lent's affidavit stands uncontradicted that he caused to be issued an attachment for contempt in reliance upon the trial court judge's direction that he file the necessary documents to obtain such attachment; it is also uncontroverted that return of service of the rules to show cause indicates that Parker had been served with said rules. Parker acknowledged to the trial court, and recognizes in her brief upon review, that the Lents' conduct was not motivated by malice, bad faith, or an ulterior motive. As a result, Parker cannot base her claim upon the legal principles of abuse of process or malicious prosecution. See, *e.g.*, *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 393 N.E.2d 1365, *cert. denied* (1980), 446 U.S. 967, 64 L. Ed. 2d 826, 100 S. Ct. 2945.

■ Nevertheless, Parker urges that this court should recognize a cause of action for negligent use of or the malicious abuse of the judicial process. She contends that such recognition is proper in light of section 12, article I, of the 1970 Illinois Constitution, which provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation." (Ill. Const. 1970, art. I, §12.) However, this constitutional provision is an "expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 277, 281 N.E.2d 659, 662.) Section 12, article I, of the 1970 Illinois Constitution expresses the principle of open access to the courts; Parker's proposed cause of action, however, would impede such access and deter court resolution of claims. " '[I]t would be ironic to derive a looser test of malicious prosecution from a constitutional guarantee of access to the courts.' " *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 951, 381 N.E.2d 1367, 1374, *cert. denied* (1979), 444 U.S. 828, 62 L. Ed. 2d 36, 100 S. Ct. 53, quoting *O'Toole v. Franklin* (1977), 279 Or. 513, 520, 569 P.2d 561, 565.

Parker also cites to two decisions from other jurisdictions; neither, however, aids her cause. In *Firstley v. Bill Watson Ford, Inc.* (La. App. 1972), 268 So. 2d 314, the court held that a car dealer who negligently allowed plaintiffs to drive a loaner car, which the dealer had previously reported as stolen and had not reported as recovered, could be liable for damages resulting from plaintiff's arrest for pos-

session of a stolen automobile. The defendant's negligence arose by virtue of his failure to report that the vehicle had been recovered, not from any abuse of the judicial process with respect to the plaintiffs. (*Cf. Madison v. Orleans Datsun, Inc.* (La. App. 1981), 405 So. 2d 350.) In *Machen Ford-Lincoln-Mercury, Inc. v. Michaelis* (1984), 284 Ark. 255, 681 S.W.2d 326, a malicious prosecution case, the court observed that where malice is proved, defendant cannot rely on advice from a third party as a defense. In the instant case, Parker acknowledges that she cannot provide evidence that the Lents acted in bad faith.

Parker further asserts that the trial court's ruling was in error, because an action for abuse of process lies where a creditor harbors the "ulterior purpose [of] holding [the debtor] as hostage to extract money." (*Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 767, 393 N.E.2d 1365, 1371.) However, Lent's affidavit indicates that the request for an attachment for contempt was filed in good faith for the legitimate purpose of recovering funds due the Lents from Parker. Consequently, the legal theory of abuse of process is unavailable to Parker. See *McGrew v. Heinhold Commodities, Inc.* (1986), 147 Ill. App. 3d 104, 111-12, 497 N.E.2d 424.

Illinois courts have consistently refused to create a cause of action for negligent or wilful or wanton use of judicial process and the judicial system. (See *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367; *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 375 N.E.2d 480; *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 372 N.E.2d 685.) Adhering to these precedent, we decline Parker's invitation to recognize such a claim in the case at bar.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.