THIRD DIVISION
September 27, 2006

No. 1-05-2145

| | | |
|---|---|---|
| JOSEPH J. SPARKS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03L12017 |
| | ) | |
| DERECK STARKS, THOMAS TRANCKITELLO, | ) | The Honorable |
| and THE CITY OF CHICAGO, a Municipal | ) | James F. Henry, |
| Corporation, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Joseph J. Sparks filed a third amended complaint alleging willful and

wanton conduct in the prosecution of an adversarial proceeding against defendants

Dereck Starks and Thomas Tranckitello and the City of Chicago, which employed

Starks and Tranckitello as police officers.  The trial court dismissed plaintiff's third

amended complaint for failure to state a cause of action pursuant to section 2-615 of the

Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)) because Illinois law does not

provide an independent cause of action for willful and wanton conduct and because

plaintiff failed to adequately plead a cause of action under the Local Governmental and

Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2004))

(the Act), which protects public employees from liability for acts or omissions in the

execution or enforcement of the law, but excepts from immunity those acts and

omissions that constitute willful and wanton conduct, when he failed to allege that Starks and Tranckitello were engaged in law enforcement duties at the time of the allegedly tortious conduct.

On appeal, plaintiff contends that his third amended complaint was improperly dismissed because Illinois recognizes willful and wanton misconduct as a cause of action independent of the Act and, alternatively, because the Act's requirement that plaintiff show that Starks and Tranckitello were engaged in law enforcement duties is a proof requirement, not a pleading requirement.

This action arises from a 1999 internal investigation by the Chicago police department  the Department . That investigation arose from allegations that plaintiff, in his capacity as a gang crimes specialist within the Department, had engaged in several acts of misconduct, including failing to take action on felonies he witnessed. Starks, a sergeant in the Department's internal affairs division, conducted the investigation under the supervision of Tranckitello, a police lieutenant. According to plaintiff's complaints, in his investigative file, Starks indicated that plaintiff had asked an assistant State's Attorney  ASA  to reduce criminal charges against a confidential informant. However, Starks and Tranckitello had received a letter from the ASA indicating that plaintiff had not asked for the reduction in charges. Plaintiff alleged that defendants conspired to hide the letter.

As a result of the investigation, plaintiff was suspended without pay in October 2002, and the police board initiated proceedings against him seeking his dismissal. During a disciplinary hearing regarding another officer, the letter came to light, and defendants then appended to the investigatory file a report mentioning the letter. Plaintiff alleges this report was fraudulently backdated. The proceedings against plaintiff were eventually concluded in his favor and he returned to the police force.

Soon thereafter, plaintiff left the force and filed his first complaint, alleging malicious

prosecution and civil conspiracy as to the defendant officers and the City of Chicago under the doctrine of *respondeat superior*. The circuit court granted defendants' motions to dismiss the complaint because plaintiff did not allege special damages—damages above and beyond the normal expense and inconvenience of defending an adversarial action—a required element of the tort of malicious prosecution. See Thomas v. Hileman, 333 Ill. App. 3d 132, 136 (2002). Plaintiff then amended his complaint to add the allegations that he was constructively discharged and that he had sought psychological counseling and care as a result of the proceedings. The circuit court also dismissed this complaint, finding that plaintiff still failed to plead special damages. Plaintiff's second amended complaint was identical to his first amended complaint except that it alleged that Starks and Tranckitello engaged in "willful and wanton conduct" in prosecuting the proceedings against him, instead of alleging malicious prosecution. Plaintiff's third amended complaint was filed prior to the circuit court taking any action on the second amended complaint. The third amended complaint added one additional factual allegation against Starks and Tranckitello, but was otherwise identical to the second amended complaint. The circuit court dismissed the third amended complaint in May 2005, finding that willful and wanton conduct is only recognized as an independent tort under section 2-202 of the Act (745 ILCS 10/2-202 (West 2004)) and that plaintiff had failed to allege that defendants were engaged in law enforcement duties at the time of the prosecution, which therefore meant the complained-of activities were outside the ambit of Act. Plaintiff appeals from the dismissal of the third amended complaint.

We find that, contrary to plaintiff's contentions, there is no common law tort of willful

1-05-2145

and wanton prosecution of an adversarial proceeding independent of the Act and, moreover, that the Act does not create such a cause of action.

This court reviews the trial court's grant of a motion to dismiss *de novo*. *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997).

Willful and wanton misconduct is essentially an aggravated form of negligence, regarded as a hybrid between conduct considered negligent and conduct considered intentionally tortious. *Beasley v. St. Mary's Hospital of Centralia*, 200 Ill. App. 3d 1024, 1035-36 (1990); *Krivitskie v. Cramlett*, 301 Ill. App. 3d 705, 707- 708 (1998). Illinois courts have consistently held that there is no separate and independent tort of willful and wanton misconduct in the common law of this state. *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274 (1994), citing *Morrow v. L.A. Goldschmidt Associates, Inc.*, 112 Ill. 2d 87 (1986); *Mucklow v. John Marshall Law School*, 176 Ill. App. 3d 886 (1988). Because Illinois law does not look favorably on wrongful prosecution suits, plaintiffs may only recover for the wrongful prosecution of an adversarial proceeding by properly alleging and proving the elements of malicious prosecution. *Berlin v. Nathan*, 64 Ill. App. 3d 940, 947 (1978); *Pantone v. Demos*, 59 Ill. App. 3d 328, 331 (1978); *Parker v. Lent*, 167 Ill. App. 3d 27, 30 (1988). Put another way, Illinois courts do not recognize a cause of action for the willful and wanton filing of a lawsuit.

The cases cited by plaintiff plainly do not support his allegation that a separate cause of action for willful and wanton prosecution exists in Illinois. *Ozik v. Gramins*, 345 Ill App. 3d 502 (2003), *Fatigato v. Village of Olympia Fields*, 281 Ill. App. 3d 347 (1996), and *Doe v. Calumet City*, 161 Ill. 2d 374 (1994), each stand for the proposition that section 2-202 of the Act, which excepts from immunity willful and wanton conduct committed by a public employee in the

enforcement of the law *745 ILCS 10 2-202* (West 2004), provides an exception to the public duty rule, which provides that police officers are not liable for failure to provide police protection (*DeSmet v. County of Rock Island*, 219 Ill. 2d 497, 506 (2006)), and to section 4-102 of the Act, which provides that officers are not liable for failure to provide police protection and for failure to provide adequate police protection *745 ILCS 10 4-102* (West 2004), when the public employee's conduct is willful and wanton. Moreover, the *Doe* holding, which is cited by *Ozik* and *Fatigato* in support of their holdings, has been repeatedly criticized and limited. See, e.g., *DeSmet*, 219 Ill. 2d at 519, 521-22 (noting that "*Doe* is a fact-specific application of section 2-202 that bears some striking similarities to an application of the special duty exception to the public duty rule," which requires that the offending conduct occurs when the plaintiff is under the direct and immediate control of the defendant police officer, and finding that section 2-202 did not operate in that case as an exception to section 4-102 because the *DeSmet* defendants did not execute control over the plaintiff ).

We further find that the Act does not create a willful and wanton prosecution cause of action. As stated above, section 2-202 of the Act immunizes public employees from suits arising from acts committed in the course of law enforcement duties unless those acts constitute "willful and wanton conduct." *745 ILCS 10 2-202* (West 2004). The statute defines "willful and wanton conduct" as " a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *745 ILCS 10 1-210* (West 2004). However, in the Act, the legislature specifically provides that the purpose of the Act is to protect public employees from liability arising from the operation of government and the Act "grants only immunities and defenses." *745 ILCS 10 1-101.1* (West 2004). Implicit in this declaration is the legislature's intent that the Act does not create new liabilities that did not

previously exist in common law. See *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 412 1991 *Horrell v. City of Chicago*, 145 Ill. App. 3d 428, 435 1986 *Goodknight v. Piraino*, 197 Ill. App. 3d 319, 327 1990 . Thus, the Act does not create a cause of action of willful and wanton prosecution. Accordingly, it is immaterial whether plaintiff alleged that Starks and Tranckitello were engaged in law enforcement duties in investigating plaintiff's conduct, because there is no independent cause of action for willful and wanton prosecution and because the Act does not create such a cause of action.

In our view, plaintiff essentially seeks to create as a separate and independent tort "willful and wanton prosecution," which would apply to public employees covered under the Act, and which would have lower burdens of pleading and proof than the common law tort of malicious prosecution that applies to the public at large. We do not recognize such a cause of action. The mere fact that Starks and Tranckitello are public employees does not mean that plaintiff can avoid the burdens of pleading and proving the elements of the underlying tort of malicious prosecution. The circuit court correctly dismissed plaintiff's third amended complaint.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

CAMPBELL and MURPHY, JJ., concur.