[No. 28727-1-III.   Division Three.   November 30, 2010.]

LETICIA RODRIGUEZ, *Appellant*, v. THE CITY OF MOSES LAKE ET AL., *Respondents*.

726

*Amos R. Hunter* (of *Amos R. Hunter PS*), for appellant.

*Brian A. Christensen* (of *Jerry Moberg & Associates*), for respondents.

¶1 BROWN, J. — Leticia Rodriguez, individually and d/b/a Emperador Azteca Mexican Restaurant (collectively Ms. Rodriguez), appeals the summary dismissal of her willful or wanton misconduct, intentional or negligent infliction of emotional distress (outrage), and malicious prosecution

claims against the city of Moses Lake and its fire marshal, Brett A. Bastian (collectively City). She mainly contends remaining material fact issues preclude the summary judgment granted to the City. We disagree and affirm.

## FACTS

¶2 Mr. Bastian is the City's fire marshal and fire investigator. In October 2000, he investigated a fire at Ms. Rodriguez' home. Before the home was demolished, Mr. Bastian took photographs of each room and prepared a report concluding the fire was accidental. In January 2001, an insurance adjuster asked Mr. Bastian for his report and asked if he had noticed a piano, keyboard, and jukebox during his investigation. Mr. Bastian had not. That day, Mr. Bastian spoke to a Moses Lake police detective regarding his conversation with the adjuster. Ms. Rodriguez was eventually charged with filing a false insurance claim in Grant County Superior Court. She defended by explaining that the piano was in the front room and the keyboard and jukebox were located in a hidden basement at the time of the fire. Mr. Bastian had not discovered the hidden basement before the house was demolished.

¶3 After the charges were filed, Ms. Rodriguez brought a picture of a partially burned piece of furniture to Mr. Bastian, claiming it was the piano. In one of his photographs, Mr. Bastian saw an obscured object that could have been a small piano, but he believed the object was a desk or dresser. Mr. Bastian told her to forward the picture to the prosecutor's office. Ms. Rodriguez invited Mr. Bastian to come to her home to view the piano, but he declined, preferring to leave that to the prosecutor's office as well. This court's record shows a letter with similar information from Ms. Rodriguez' counsel to the prosecuting attorney. But, the first assigned deputy prosecutor did not recall Ms. Rodriguez' criminal attorney telling her about any exculpatory information (this deputy prosecutor was replaced one week before trial by a second deputy prosecutor).

¶4 A bench trial resulted in Ms. Rodriguez' acquittal. She then sued the City for defamation, willful or wanton misconduct, intentional or negligent infliction of emotional distress (outrage), and malicious prosecution. The City successfully requested summary dismissal of all claims. The court denied reconsideration. Ms. Rodriguez then appealed all but the defamation claim dismissal.

## ANALYSIS

### A. Malicious Prosecution Claim

¶5 The issue is whether the trial court erred in summarily dismissing Ms. Rodriguez' malicious prosecution claim. Ms. Rodriguez contends material facts remain in dispute showing Mr. Bastian acted with reckless disregard of her interests. We disagree.

¶6 We review an order on summary judgment de novo. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We view all facts most favorably for the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). Summary judgment is appropriate only if reasonable persons could reach but one conclusion from all the evidence. *Id.* Where a trial court grants summary judgment and then denies a motion for reconsideration, evidence offered in support of the motion for reconsideration is properly part of an appellate court's de novo review. *Tanner Elec. Coop. v. Puget Sound Power & Light*, 128 Wn.2d 656, 675 n.6, 911 P.2d 1301 (1996).

¶7 Malicious prosecution actions are not favored in law. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 557, 852 P.2d 295 (1993) (citing *Bender v. City of Seattle*, 99 Wn.2d

582, 602-03, 664 P.2d 492 (1983)). This is because an individual " 'who acts in good faith shall not be subjected to damages merely because the accused is not convicted.' " *Id.* (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 497, 125 P.2d 681 (1942)).

¶8  To maintain an action for malicious prosecution, a plaintiff must prove:

> "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution."

*Clark v. Baines*, 150 Wn.2d 905, 911, 84 P.3d 245 (2004) (quoting *Hanson*, 121 Wn.2d at 558). "[M]alice and want of probable cause constitute the gist of a malicious prosecution action." *Hanson*, 121 Wn.2d at 558 (citing *Peasley*, 13 Wn.2d at 497). Probable cause is a complete defense to malicious prosecution. *Id.* at 563.

¶9  Here, the insurance company questioned three items on Ms. Rodriguez' insurance claim. The insurance adjuster contacted Mr. Bastian, who had not noticed a piano, keyboard, or jukebox in the home during his investigation. Mr. Bastian informed the police. Based on these facts, probable cause existed at the time charges were filed. Probable cause, however, must continue during the prosecution. *Bender*, 99 Wn.2d at 593 (quoting *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 962-63, 603 P.2d 828 (1979)). " 'Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a *man of reasonable caution* in a belief that an offense has been or is being committed.' " *Id.* at 597 (quoting *State v. Gluck*, 83 Wn.2d 424, 426-27, 518 P.2d 703 (1974)).

¶10 A prima facie case of lack of probable cause is established where criminal proceedings are dismissed or terminated in a malicious prosecution in the plaintiff's favor. *Banks v. Nordstrom, Inc.*, 57 Wn. App. 251, 259-60, 787 P.2d 953 (1990). But, probable cause may be established as a matter of law where, as here, unrefuted evidence shows that before instituting criminal proceedings, a full and fair disclosure was made of all known material facts, and the prosecutor thereupon filed a charge. *Bender*, 99 Wn.2d at 593.

¶11 Mr. Bastian forwarded the relevant information to the police department. Later, Ms. Rodriguez explained to him that the keyboard and jukebox were in her basement and the piano was in her living room. She showed Mr. Bastian an indistinct picture she claimed showed a burned piano. But, this evidence did not negate probable cause; rather, it was defense evidence for the fact finder to consider and assign weight. Mr. Bastian advised Ms. Rodriguez to forward her evidence to the prosecutor's office. The record shows Ms. Rodriguez, through counsel, attempted to persuade the prosecuting attorney with her evidence, but without apparent success.

¶12 In sum, probable cause continued until the conflicting evidence was weighed at trial and resolved in favor of Ms. Rodriguez; in other words, until then, the evidence warranted a person of reasonable caution to believe an offense had been committed. Accordingly, the trial court did not err in dismissing the malicious prosecution claim.

## B. Willful or Wanton Misconduct Claim

¶13 The issue is whether the trial court erred in summarily dismissing Ms. Rodriguez' willful or wanton misconduct cause of action as ill pleaded because it is not an independent cause of action. We agree with the trial court.

¶14 Willful or wanton conduct is technically not a separate cause of action, but a level of intent that negates certain defenses that might be available in an ordinary

negligence action. Washington courts have not recognized such conduct as a separate cause of action. Other jurisdictions have held likewise. *See Ward v. County of Cuyahoga,* noted at 721 F. Supp. 2d 677, 694 (N.D. Ohio 2010) (reckless and wanton conduct is not a separate cause of action under Ohio law); *Sparks v. Starks,* 367 Ill. App. 3d 834, 856 N.E.2d 575, 578, 305 Ill. Dec. 770 (2006) (a separate cause of action for willful and wanton prosecution does not exist in Illinois).

¶15 Ms. Rodriguez points to *Zellmer v. Zellmer,* 164 Wn.2d 147, 188 P.3d 497 (2008), as support to the contrary. There, our Supreme Court addressed whether the doctrine of parental immunity precludes liability for a negligent parental supervision claim. The court held the doctrine precluded liability but willful or wanton conduct could negate the defense. *Id.* at 155. Thus, as discussed above, willful or wanton conduct is not a separate cause of action, but a level of intent that negates certain defenses that might be available in a negligence action.

¶16 As noted in *Adkisson v. City of Seattle,* 42 Wn.2d 676, 682, 258 P.2d 461 (1953), willful or wanton misconduct is not negligence; rather, willfulness implies a radically different mental state. "Willful or wanton misconduct is not, properly speaking, within the meaning of the term 'negligence.' Negligence and willfulness imply radically different mental states. Negligence conveys the idea of neglect or inadvertence, as distinguished from premeditation or formed intention." *Id.*

¶17 Ms. Rodriguez fails to identify a legal duty the City intentionally breached. In *Winter v. Mackner,* 68 Wn.2d 943, 945, 416 P.2d 453 (1966), the court recognized a landowner's duty to refrain from willful and wanton behavior toward those unlawfully on his or her property. In *Zellmer,* 164 Wn.2d at 155, the court recognized a duty of a stepparent to refrain from willful and wanton behavior. Additionally, gross misconduct (i.e., willful and wanton behavior) will deprive a former employee of unemployment

benefits under RCW 50.20.066; and under RCW 18.71.210, willful and wanton behavior will preclude immunity for emergency medical care providers. Thus, willful and wanton behavior is linked to specific standards of duty. Ms. Rodriguez cannot point to any duty or standard breached by the City.

¶18 We affirm.

¶19 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

KORSMO, A.C.J., and SIDDOWAY, J., concur.