

**FILED**

JUN 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DONALD P EMERY, husband their marital community and as the natural guardian on behalf of their minor children; et al., | No. 10-35422 |
| | D.C. No. 3:08-cv-05282-BHS |
| Plaintiffs - Appellants, | MEMORANDUM* |
| v. | |
| PIERCE COUNTY, a political corporation located in the State of Washington; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 14, 2011**
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Plaintiffs appeal the district court's grant of summary judgment in favor of

the defendants in plaintiffs' complaint asserting 42 U.S.C. § 1983 civil rights and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the grant of summary judgment de novo, *Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010), and affirm in part, reverse in part and remand.

The district court did not err in denying the motion to compel as moot after ruling on the motion for summary judgment. Unlike *Garrett v. City of San Francisco*, 818 F.2d 1515 (9th Cir. 1987), plaintiffs filed an untimely motion to compel, sought vastly overly broad additional discovery, and did not comply with Rule 56(f). Furthermore, plaintiffs did not show, as required, that additional discovery was necessary to defeat the motion for summary judgment. *Id.* at 1517-19.

The district court correctly ruled that, because of lack of exhaustion, plaintiffs could not prevail on any state claims collaterally attacking the 2004 notices and 2007 decision. *Spice v. Pierce Cnty.*, 204 P.3d 254, 256-57 (Wash Ct. App. 2009). Likewise, the district court did not err in ruling that claims based on the notices of violations issued in 2004 were barred by the three-year statute of limitations.

However, the district court erred by holding that the inverse condemnation claim was barred by plaintiffs' failure to exhaust administrative remedies. Washington state law requires administrative exhaustion prior to bringing an

2

inverse condemnation claim. *Presbytery of Seattle v. King Cnty.*, 787 P.2d 907, 916-18 (Wash. 1990); *Estate of Friedman v. Pierce Cnty.*, 768 P.2d 462, 468 (Wash. 1989). Plaintiffs do not seek to overturn a land use decision; they seek just compensation for a temporary taking. They sought, and ultimately obtained, non-conforming use permits necessary to allow them to continue the non-conforming uses of their property. To the extent that an administrative remedy was available to them, plaintiffs pursued it. We therefore reverse the district court's ruling that plaintiffs' inverse condemnation claim was barred.

The due process claims asserted against the county under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978), were properly dismissed because, first, their allegations do not implicate "policy-making," as opposed to mere "decision-making," *Delia*, 621 F.3d at 1083-84; and second, because plaintiffs made no showing that any supposedly-lacking training was constitutionally required. *Waggy v. Spokane Cnty*, 594 F.3d 707, 714 (9th Cir. 2010).

Plaintiffs waived their remaining arguments and claims by not coming forward with evidence to support them and in not making their arguments in their summary judgment response. *Costanich v. Dept of Soc. and Health Servs.*, 627 F.3d 1101, 1117 (9th Cir. 2010).

Finally, the district court did not abuse its discretion by refusing to reconsider the malicious prosecution and negligence claims. None of the people named as defendants instituted or continued the prosecution. *Rodriguez v. City of Moses Lake*, 243 P.3d 552, 554 (Wash. Ct. App. 2010). As for the negligence claim, the district court did not err in holding that plaintiffs' undisputed facts did not show negligence on the part of the county. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**