[No. 1488-2.    Division Two.    November 13, 1975.]

LARRY C. KERR, ET AL, *Appellants*, v. THE DEPARTMENT OF GAME, ET AL, *Respondents*.

*Clifford Cordes, Jr.*, for appellants.

*Slade Gorton, Attorney General*, and *Joseph L. Coniff, Jr., Assistant*, for respondents.

REED, J.—The basic issue raised by this appeal is whether the Washington State Personnel Board has primary jurisdiction to hear and decide an employee challenge to a Department of Game policy prohibiting department employees and their dependents from applying for "controlled hunt" permits.

The facts giving rise to this challenge are not disputed.

For several years the Game Department has administered a "controlled hunt" program to aid in fulfilling its statutory duty to regulate the propagation and preservation of game animals within the state of Washington. RCW 77.12.030. In implementing the program, the Game Department issues a limited number of "controlled hunt" permits on a random basis from applications submitted to the department by hunters. To insure the impartiality and fairness of the selection process, all drawings are open to the public and are conducted in a manner similar to a lottery. To provide further appearance of fairness the department prohibits its own personnel and their dependents from applying for the limited number of available permits.[1] It is this policy which appellants assert is arbitrary, capricious and discriminatory.

The three individual appellants, representing all Game Department employees, were joined by their duly certified collective bargaining representative in seeking a writ of mandamus from the Superior Court for Thurston County requiring the Game Department to remove the challenged provision from the department manual. Following a hearing, the trial court denied the petition, finding *inter alia* that primary jurisdiction of the dispute rests with the State Personnel Board; that the challenged policy may be made a subject of mandatory collective bargaining pursuant to RCW 41.56.010 and RCW 41.06.150; and that the policy bears a reasonable relationship to a legitimate object of state government, *i.e.*, the integrity of the operation of the controlled hunt program by the Department of Game. We affirm the trial court insofar as it concluded that primary jurisdiction of this matter rests with the State Personnel Board. The remainder of the trial court's findings of fact and conclusions of law concerning the merits of the petition are vacated.

---

[1] Department of Game Policy Manual 06.15.11 states in part:
"1. The following persons may not apply for any controlled hunt permit—
  a. *Permanent employees of the Game Department.*
  b. *The spouse of a permanent employee.*
  c. *Dependent children of a permanent employee.*"

█ The doctrine of "primary jurisdiction" does not involve jurisdiction in the technical sense. Rather, it is a doctrine "predicated on an attitude of judicial self-restraint" and is applied when the court feels that the dispute should be handled by an administrative agency created by the legislature to deal with such problems. 2 F. Cooper, *State Administrative Law* 564 (1965). The application of the doctrine is not mandatory in any given case, but rather is within the sound discretion of the court. F. Cooper, *supra* at 564. As our Supreme Court recognized in *Schmidt v. Old Union Stockyards Co.*, 58 Wn.2d 478, 484, 364 P.2d 23 (1961), quoting from *United States v. Western Pac. R.R.*, 352 U.S. 59, 63, 1 L. Ed. 2d 126, 77 S. Ct. 161 (1956):

> 'Primary jurisdiction,' . . . comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; . . .

(Italics omitted.) We conclude that the trial court appropriately determined that primary jurisdiction of the instant dispute rests with the Personnel Board. An examination of the legislature's intent in creating the Personnel Board clearly reveals that this dispute should initially have been presented to that board for resolution.

██ We agree with the Game Department's assertion, as did the trial court, that the appellants' challenge constitutes a claim arising out of an incident of state employment. In adopting the State Civil Service Law, the legislature indicated that its purpose was

> to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, . . . of its civil employees, *and other incidents of state employment.*

(Italics ours.) RCW 41.06.010. The challenged policy prohibiting department employees from applying for controlled hunt permits is clearly an incident arising solely from state employment. As such, the policy is a prime example of the

type of dispute which the legislature determined should be initially presented to the Personnel Board for resolution. Our Supreme Court identified the proper forum for disputes of this nature in *Gogerty v. Department of Institutions*, 71 Wn.2d 1, 5, 426 P.2d 476 (1967):

> [I]n ordinary contemplation, personnel policy and management, either with or without a legislatively prescribed merit system of civil employment, is essentially an administrative or executive function rather than a function historically or traditionally resting with the judicial branch of government.

The legislature further indicated the role it contemplated for the Personnel Board by designating certain mandatory subjects concerning which the board must promulgate rules and regulations. RCW 41.06.150. Included therein are

> agreements between agencies and certified exclusive bargaining representatives providing for grievance procedures and collective negotiations on all personnel matters over which the appointing authority . . . may lawfully exercise discretion; . . .

Pursuant to this statutory mandate, the Personnel Board has adopted WAC 356-42-050(2), which states:

> Written agreements shall include a grievance procedure for processing individual and *group grievances* within the bargaining unit and shall provide for mediation by the Director of Personnel or his designee and for arbitration by the Board.

(Italics ours.) We note there is no evidence in the record before us of a current, binding collective bargaining agreement between the Department of Game and its bargaining representative.[2] However, it is clear that the Washington

---

[2]The record does contain a copy of the collective bargaining agreement which was in effect at least until December 1, 1972. This agreement contained article 23, *Grievances*, D.: "If the Director of the Department of Game, or his designee, does not resolve the grievance to the employee's satisfaction within 14 calendar days after its submission, the employee may, in writing, request within 14 calendar days of such notification, or if there has been no notification, within 30 calendar days of its submission, the Director of Personnel to mediate a grievance. If the dispute is not resolved to the employee's satisfaction within a rea-

Federation of State Employees, AFL-CIO, has been duly certified as exclusive bargaining agent for Game Department employees, and moreover, is a party in this lawsuit. Inasmuch as the primary role to be served by a certified bargaining representative is to negotiate a bargaining agreement, we are unwilling to conclude that the temporary absence of an agreement, if such be the case, should produce a result different from that which would have been reached if an agreement were currently in effect. It is clear under the provisions of RCW 41.06.150 and WAC 356-42-050(2) that a collective bargaining agreement, if in effect, would necessarily contain a provision mandating that this dispute be first mediated by the Personnel Board. We recognize that there is a distinct possibility, in a dispute of this nature, that mediation by the Personnel Board would result in a compromise acceptable to both parties. As the challenged policy is now written and enforced, it applies to game wardens in the field as well as to spouses and dependents of file clerks in the Game Department's Olympia office. As such, the room for compromise is virtually unlimited. We hold, therefore, that the trial court correctly concluded that primary jurisdiction of this dispute rests with the Personnel Board.

We find it unusual that the trial court proceeded to decide this dispute on the merits after reaching the conclusion that primary jurisdiction over the matter rested elsewhere. Ordinarily, following a conclusion that primary jurisdiction rests with an administrative agency, a court will either postpone any action on the matter until the administrative agency has acted or dismiss the case before it. 3 K. Davis, *Administrative Law Treatise* § 19.01 (1958). In our opinion the more appropriate procedure, in a case such as this, would be to postpone action until the appropriate administrative agency is given an opportunity to apply its expertise. In any event, we conclude that the superior court abused its discretion in proceeding to the

sonable time, the employee may submit the grievance to the State Personnel Board for arbitration."

merits in the instant case. Accordingly, the findings and conclusions entered by the superior court on the merits are vacated.

Affirmed in part; vacated in part.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied December 18, 1975.

Review denied by Supreme Court March 18, 1976.