[No. 46096. En Banc. December 31, 1980.]

*In the Matter of the* REAL ESTATE BROKERAGE ANTITRUST LITIGATION.

THE STATE OF WASHINGTON, *Respondent,* v. COLDWELL BANKER RESIDENTIAL BROKERAGE CO., ET AL, *Petitioners.*

Preston, Thorgrimson, Ellis & Holman, by Hugh F.

*Bangasser, Stephen A. Smith,* and *Richard E. Monroe* and *Davis, Wright, Todd, Riese & Jones,* by *Hall Baetz,* for petitioners.

*Slade Gorton, Attorney General, Thomas L. Boeder, Senior Assistant,* and *John R. Ellis* and *James M. Beaulaurier, Assistants,* for respondent.

DOLLIVER, J.—This case arises under the Consumer Protection Act, RCW 19.86, and concerns alleged unfair trade practices and restraint of trade by 12 real estate companies (brokers). RCW 19.86.020, .030.

The Attorney General alleged that the brokers engaged in illegal tying arrangements, conspiracies in restraint of trade, and unfair methods of competition in the sale of development lots and development houses. The complaint stated that the brokers required the builders who wished to purchase development lots to grant to the selling broker an exclusive right to sell the development houses to be constructed on the development lots. This arrangement is called a list–back. It is alleged brokers used economic power, refusals to deal, disparagement, and threats of disparagement to coerce builders to enter into the list–back arrangements. The State's amended complaint requested an injunction, restitution for injured parties, civil penalties, costs and attorney's fees.

Three brokers filed motions to dismiss the complaint. Coldwell Banker Residential Brokerage Company moved to dismiss the action on the ground that three other cases filed by the State alleging antitrust violations in the operation of real estate multiple listing services had been dismissed by other trial courts. *See State v. Tacoma–Pierce County Multiple Listing Serv.,* 95 Wn.2d 280, 622 P.2d 1190 (1980). John L. Scott, Inc., and Sherwood & Roberts, Inc., filed a motion to dismiss the complaint on the basis of the doctrines of primary jurisdiction, exhaustion of administrative remedies, and the "permitted transactions" exemption from the Consumer Protection Act, RCW 19.86.170.

After reviewing memoranda and exhibits submitted by the parties and hearing oral argument on the issues, the trial judge denied the motions to dismiss. The doctrines of primary jurisdiction and exhaustion of administrative remedies were held not to apply since, under RCW 18.85 which relates to real estate brokers and salespersons, neither the Director of the Department of Licensing, nor the Real Estate Commission, nor the real estate division of the business and professions administration of the Department of Licensing has regulatory or licensing authority to deal with alleged antitrust violations. The court further ruled that the exemption under RCW 19.86.170 does not apply as antitrust violations are not specifically permitted by the language of RCW 18.85.

Scott and Sherwood & Roberts sought discretionary review by this court of the denial of their motions on the issues of primary jurisdiction and the permitted transaction exemption. We accepted review and affirm the trial court.

First, the brokers contend that the complaint should be dismissed under the permitted actions or transactions exemption of RCW 19.86.170 which provides:

> Nothing in this chapter shall apply to actions or transactions . . . [1] permitted by any other regulatory body or officer acting under statutory authority of this state or the United States: . . . [2] *Provided, further, That actions or transactions specifically permitted within the statutory authority granted to any regulatory board or commission established within Title 18 RCW shall not be construed to be a violation of chapter 19.86 RCW . . .*

(Italics ours.) The italicized language was added by the legislature in 1974 and is before the court for the first time.

It may be argued, although we need not decide here, that the first portion of RCW 19.86.170[1] simply requires acquiescence on the part of the regulatory agency and that no affirmative action is needed. Indeed, the brokers allege that, because the practice of obtaining list–back arrangements has continued for 11 years, the conduct was permitted by the Director of Licensing, the Real Estate

Commission and the real estate division. We believe, however, that the correct interpretation of legislative intent as it relates to RCW 19.86.170 is that the requirements of the proviso [2], which was enacted in 1974, must be met in actions and transactions involving those persons regulated under RCW Title 18. To claim this exemption, however, the brokers must prove that the activity was authorized by statute and that acting within this authority the agency took overt affirmative actions specifically to permit the actions or transactions engaged in by the brokers. RCW 19.86.170. *See* Comment, *The Scope of the Regulated Industries Exemption Under the Washington Consumer Protection Act,* 10 Gonz. L. Rev. 415, 420–21, 426–28 (1975). The brokers show neither. Mere nonaction by a regulatory board or commission under RCW Title 18 to actions taken by members of a business, occupation or profession does not amount to specific permission. Furthermore, nothing in RCW 18.85 or any other statute authorizes the Department of Licensing or the Real Estate Commission to permit list–back arrangements. The brokers are not exempt from the Consumer Protection Act because of RCW 19.86.170. The events in *Allen v. American Land Research,* 25 Wn. App. 914, 611 P.2d 420 (1980), relied upon by defendants, occurred prior to the enactment of the 1974 proviso. The case is not in point.

Next, the brokers contend that the doctrine of primary jurisdiction applies and that this matter must be referred to the Director of the Department of Licensing, the Real Estate Commission and the real estate division before it can be heard by the courts. The function of the doctrine of primary jurisdiction is to guide a court in determining whether it should refrain from exercising its jurisdiction until an administrative agency with special competence has resolved an issue arising in the proceeding before the court. 3 K. Davis, *Administrative Law* § 19.01 (1958). The doctrine "does not necessarily allocate power between courts and agencies, for it governs only the question whether court or agency will *initially* decide a particular issue, not the

question whether court or agency will *finally* decide the issue.'" K. Davis, *Administrative Law of the Seventies* § 19.01 (1976).

■■ We have had only one prior opportunity to examine and apply the doctrine of primary jurisdiction. In *Schmidt v. Old Union Stockyards Co.,* 58 Wn.2d 478, 484, 364 P.2d 23 (1961) citing *United States v. Western Pac. R.R.,* 352 U.S. 59, 1 L. Ed. 2d 126, 77 S. Ct. 161 (1956), we said:

> 'Primary jurisdiction,' . . . applies where a claim is originally cognizable in the courts, and *comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body*; in such a case *the judicial process is suspended* pending referral of such issues to the administrative body for its views."

The doctrine has been further articulated by the United States Supreme Court. *See Ricci v. Chicago Mercantile Exch.,* 409 U.S. 289, 34 L. Ed. 2d 525, 93 S. Ct. 573 (1973); *United States v. Radio Corp. of America,* 358 U.S. 334, 3 L. Ed. 2d 354, 79 S. Ct. 457 (1959); *Far E. Conference v. United States,* 342 U.S. 570, 96 L. Ed. 576, 72 S. Ct. 492 (1952). The judicial deference called for in the rule of primary jurisdiction requires that:

1. The administrative agency has the authority to resolve the issues that would be referred to it by the court. *Schmidt v. Old Union Stockyards, supra.* In the case of antitrust actions, the statutory authority of the agency in some way must limit the applicability of the antitrust laws (*Ricci v. Chicago Mercantile Exch., supra* at 302–03; *see United States v. Radio Corp. of America, supra*);

2. The agency must have special competence over all or some part of the controversy which renders the agency better able than the court to resolve the issues (*Schmidt v. Old Union Stockyards, supra*); and

3. The claim before the court must involve issues that fall within the scope of a pervasive regulatory scheme so that a

danger exists that judicial action would conflict with the regulatory scheme. *United States v. Radio Corp. of America, supra* at 350.

While federal cases have stated that the doctrine is applicable to antitrust cases (*e.g., Ricci v. Chicago Mercantile Exch., supra; McLean Trucking Co. v. United States,* 321 U.S. 67, 88 L. Ed. 544, 64 S. Ct. 370 (1944)), the requirements listed above must be met. None of the requirements are met in this case.

The powers granted to the administrative agency under RCW 18.85 pertain to the licensing of real estate brokers and agents. Neither the Director of the Department of Licensing, the Real Estate Commission nor the real estate division has the expertise to resolve antitrust issues. Those engaged in real estate are not part of an industry with a pervasive scheme of agency regulation such as by the Commodity Exchange Commission (*Ricci v. Chicago Mercantile Exch., supra*), the Interstate Commerce Commission (*McLean Trucking Co. v. United States, supra*), or the Civil Aeronautics Board (*Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 48 L. Ed. 2d 643, 96 S. Ct. 1978 (1976)). *Compare United States v. Radio Corp. of America, supra.* There is nothing in RCW 18.85 granting the Department of Licensing, the Real Estate Commission or the real estate division any authority to so regulate the real estate industry as to limit the applicability of the antitrust laws. *Ricci v. Chicago Mercantile Exch., supra.*

It may be appropriate to refer specific issues to an agency for initial determination where that procedure would secure

"[u]niformity and consistency in the regulation of business entrusted to a particular agency" or where

"the limited functions of review by the judiciary [would be] more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure."

*Nader v. Allegheny Airlines, supra* at 303–04, quoting *Far E. Conference v. United States, supra.* In the present case, however, considerations of uniformity in regulation and of technical expertise do not require prior resolution by the Department of Licensing, the Real Estate Commission or the real estate division.

The State seeks damages and an injunction as remedies in its complaint. It makes no challenge to any regulation or to the licensing procedures governed by RCW 18.85. Thus, the action brought does not turn on a determination of a possible violation of a licensing practice—a determination that would be facilitated by the expertise of the administrative agency. Rather, the standards to be applied in the antitrust action are within the conventional competence of the courts and the judgment of the agencies is not likely to be helpful in the application of these standards to the facts of this case. *See Nader v. Allegheny Airlines, supra.* Moreover, an administrative agency should not be accorded primary jurisdiction if the agency is powerless to grant the relief requested. *S.S. Kresge Co. v. Port of Longview,* 18 Wn. App. 805, 573 P.2d 1336 (1977), *review granted,* 90 Wn.2d 1004, May 19, 1978, *dismissed* October 4, 1978. The Department of Licensing does not have the authority to grant either civil damages or an injunction.

Defendants also suggest RCW 19.86.920 provides a justification for primary jurisdiction by the agency. That portion of the statute to which defendants refer states:

It is, however, the intent of the legislature that this act shall not be construed to prohibit acts or practices which are reasonable in relation to the development and preservation of business or which are not injurious to the public interest . . .

They argue that the conduct alleged in the complaint could be reviewed by the administrative entities to determine if it is a reasonable business practice or not injurious to the public. Under defendants' view, all violations of the antitrust restraint of trade proviso of the Consumer Protection Act would automatically be referred to the regulatory

agency upon the bare assertion of the applicability of RCW 19.86.920. We do not believe this is a reasonable interpretation of legislative intent. If, in fact, the list–back arrangements can be shown to come within the exceptions in RCW 19.86.920 noted above, a court can more properly determine whether there have been violations of the Consumer Protection Act. To require administrative review prior to court action to pass on this question would be an empty ritual.

The application of the doctrine of primary jurisdiction is "not mandatory in any given case, but rather is within the sound discretion of the court"; it is "'predicated on an attitude of judicial self–restraint'". *Kerr v. Department of Game,* 14 Wn. App. 427, 429, 542 P.2d 467 (1975), *review denied,* 86 Wn.2d 1013 (1976). We hold the trial court did not abuse its discretion in declining to apply the doctrine of primary jurisdiction.

The judgment is affirmed.

UTTER, C.J., ROSELLINI and WILLIAMS, JJ., and FORREST and HAMILTON, JJ. Pro Tem., concur.

BRACHTENBACH, J. (dissenting)—My dissent in the companion case of *State v. Tacoma–Pierce County Multiple Listing Serv.,* 95 Wn.2d 280, 622 P.2d 1190 (1980), is largely in point in this case and is incorporated by reference.

The only different circumstance relates to the statutory provisions governing multiple listing associations. Real estate brokers are subject to all of the other regulatory mandates discussed in the companion case.

Based upon the mentioned dissent, I would require an administrative decision before allowing maintenance of this litigation.

STAFFORD and HICKS, JJ., concur with BRACHTENBACH, J.