[No. 8920–3–II.   Division Two.   March 3, 1987.]

HUGO J. KRINGEL, ET AL, *Respondents,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *David R.*

*Minikel, Assistant,* for appellant.

*N. Joseph Lynch II* and *Lynch & Lynch,* for respondents.

REED, C.J.—The Department of Social and Health Services (DSHS) appeals a superior court order purportedly "clarifying" a previous order issued by another judge of that court. Respondents Hugo J. Kringel, Ray E. Girod and James E. Kovacevich were granted certain remedies by this "clarifying" order. DSHS argues that the superior court was without authority to grant the remedies and argues that the clarification order must therefore be vacated. We agree with DSHS and vacate the order.

Kringel, Girod and Kovacevich were terminated from their positions with DSHS pursuant to a reduction in force in September of 1980. Their similar appeals from that action were eventually consolidated before the State Personnel Board which ruled in August of 1982 that the three had been properly terminated. The terminated employees appealed the decision of the Personnel Board to the superior court. In July of 1984, the court, presided over by the first judge, reversed the Personnel Board, ruling that the employees had been improperly terminated. The judge therefore ordered that they be reinstated with all employee rights and benefits pursuant to RCW 41.06.220(2). No appeal was taken from that order.[1]

Respondents were not satisfied with DSHS's actions under the first order, specifically its computations regarding the personnel matters of vacation and sick leave, medical insurance premiums and pay raises. Thus, in June of 1985 they sought from the second judge the "clarifying" order that is the subject of this appeal. In reviewing this order, we have been asked to determine, under a complex scheme of statutes and administrative regulations, the exact rights

---

[1] In that order the superior court did not retain jurisdiction over the cause, nor was the matter *remanded* to the Personnel Board for further proceedings. Apparently the parties believed they could settle the issues amicably.

and benefits owed the three respondents, each with their own differing set of involved facts. We decline to do so.

■■ The personnel matters that are the subject of this appeal arise out of an incident of state employment pursuant to RCW 41.06, the State Civil Service Law. As we observed in *Kerr v. Department of Game,* 14 Wn. App. 427, 429–30, 542 P.2d 467 (1975), *review denied,* 86 Wn.2d 1013 (1976), claims arising out of an incident of state employment constitute a type of dispute that the Legislature has determined initially should be presented to the State Personnel Board for resolution. We therefore held that the doctrine of primary jurisdiction required that such claims be first presented to the Personnel Board.

"Primary jurisdiction" is a doctrine utilized by the judiciary in determining whether it should refrain from exercising its jurisdiction in deference to an administrative agency with special competence in a particular area and which has been charged by the Legislature with the authority to resolve, within a pervasive regulatory scheme, the issues that would be referred to it by a court. *In re Real Estate Brokerage Antitrust Litig.,* 95 Wn.2d 297, 622 P.2d 1185 (1980); *S.S. Kresge Co. v. Port of Longview,* 18 Wn. App. 805, 573 P.2d 1336 (1977). Accordingly, an administrative agency should not be accorded primary jurisdiction if the agency is powerless to grant the relief requested. *In re Real Estate Brokerage Antitrust Litig., supra.*

Here, respondents had a right, conferred by RCW 41.06-.170, to present their state personnel matter issues to the State Personnel Appeals Board, the forum created precisely for that purpose.[2] We note that the members of the Personnel Appeals Board are trained and experienced in the

---

[2]RCW 41.06.170(2) states in part:

"Any employee who is reduced, dismissed, suspended, or demoted, after completing his probationary period of service as provided by the rules and regulations of the board, or *any employee who is adversely affected by a violation of the state civil service law, chapter 41.06 RCW, as now or hereafter amended, or rules promulgated pursuant thereto, shall have the right to appeal to the personnel appeals board* created by RCW 41.64.010 . . ." (Italics ours.)

administrative procedures and merit principles that relate to these matters. RCW 41.64.010(1). As such, they are singularly qualified to carry out the intent of the Legislature. *See* RCW 41.06.010 (declaring that the purpose of the state civil service law is to establish a system of personnel administration based on merit principles and scientific methods governing the *incidents of state employment*). *See also Kerr v. Department of Game,* 14 Wn. App. at 429. Moreover, the Board has the power to issue final orders, subject to review by the court on appeal,[3] on the construction of the rules, regulations and statutes that form the substance of the respondent's case. RCW 41.64.120(1). We conclude therefore that to require administrative resolution of the personnel matters here at issue prior to court action would not be an empty ritual. On the contrary, such a determination would facilitate meaningful court review, should that be sought.

We thus hold that the Board should be accorded primary jurisdiction and that the Superior Court should not have proceeded to the merits. *Kerr v. Department of Game, supra.*

The order is vacated.

PETRICH and WORSWICK, JJ., concur.

Reconsideration denied April 13, 1987.

Review denied by Supreme Court September 1, 1987.

---

[3]RCW 41.64.140, governing employee appeals from Board action, provides:

"(1) The court shall review the hearing without a jury on the basis of the transcript and exhibits, except that in case of alleged irregularities in procedure before the board not shown by the transcript the court may order testimony to be given thereon. The court shall upon request by either party hear oral argument and receive written briefs.

"(2) The court may affirm the order of the board, remand the matter for further proceedings before the board, or reverse or modify the order if it finds that the objection thereto is well taken on any of the grounds stated. Appeal shall be available to the employee to the supreme court or the court of appeals from the order of the superior court as in other civil cases."