# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of<br><br>G.R.,<br><br><div align="center">Respondent,</div><br>BRANDI LANE, PSY.D. and JUNKO YOSUDA-FREE, D.O.,<br><br><div align="center">Petitioners.</div> | No. 52791-0-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — The Department of Social and Health Services (DSHS) appeals from an order of civil commitment committing GR for an additional 180 days of treatment following the dismissal of a first degree arson charge. DSHS does not challenge the commitment. Instead, it argues that the superior court commissioner erred when she failed to consider whether the first degree arson constituted a violent offense under RCW 9.94A.030[1] as required under RCW 71.05.280(3)(b) and when she denied DSHS' motion for reconsideration. We hold that the commissioner erred as a matter of law by concluding that such a finding was not required and by

---

[1] The first degree arson was committed on November 2, 2017. The legislature amended RCW 9.94A.030 several times in 2018 and 2019. LAWS OF 2019, ch. 331, § 5; ch. 271, § 6; ch. 187, § 1; ch. 46, § 5007; LAWS OF 2018, ch. 166, § 3. Because the definition of violent offense has not changed, we cite to the current version of RCW 9.94A.030.

denying DSHS' motion for reconsideration. Accordingly, we reverse the commitment order in part and remand for the commissioner to enter a finding that the first degree arson was a violent offense under RCW 9.94A.030.[2]

FACTS

I. PETITION

The Pierce County Superior Court dismissed a charge of first degree arson against GR after finding that GR was not competent to stand trial and was unlikely to regain competency. GR was sent to Western State Hospital.

DSHS subsequently petitioned for 180 days of involuntary treatment. DSHS alleged two grounds for the continued commitment. First, it alleged that GR was gravely disabled. Second, it alleged that GR "ha[d] been determined to be incompetent and criminal charges ha[d] been dismissed pursuant to RCW 10.77.086(4), ha[d] committed acts constituting a felony, and as a result of a mental disorder, presents a substantial likelihood of repeating similar acts." Clerk's Papers (CP) at 2. It further alleged that the dismissed charge was first degree arson and that this offense was a violent felony offense under RCW 9.94A.030.

At the hearing on the petition, DSHS presented two witnesses, Officer Joseph Solberg and Dr. Brandi Lane. GR also testified.

---

[2] The parties do not address whether this issue is moot given that the 180-day commitment order has since expired. But because RCW 71.05.425(1) requires that notification be provided to law enforcement and the prosecutor when a person committed under RCW 71.05.280(3) is released, granted authorized leave, or transferred to a facility other than a state mental hospital, we presume that this issue is not moot.

In its opening statement, DSHS argued that GR should be committed under RCW 71.05.280(3). It argued that under RCW 71.05.280(3), it was "obligated to prove that [GR] has committed acts constituting a felony" and that the act in question was first degree arson, setting fire to a dwelling. Verbatim Report of Proceedings (VRP) at 7. DSHS did not, however, argue that the commissioner was required to determine whether the first degree arson was a violent offense.

Solberg testified that he had responded to a report of "a residential fire" in a local trailer park to find one of the trailers on fire. *Id.* at 10. While Solberg was securing the scene, GR had approached him and admitted to having intentionally set the fire.

Lane testified about GR's mental health conditions. DSHS asked Lane whether, based on Solberg's testimony and her own review of GR's history, it was her professional opinion that GR, "as a result of a mental disorder, presents a substantial likelihood of repeating similar *acts of violence*, specifically arson." *Id.* at 18 (emphasis added). Lane testified "that currently [GR] continues to have the risk of repeating similar acts." *Id.* at 19.

GR testified that he agreed that he should stay at the hospital for up to 180 days of treatment. Neither party presented any closing argument.

After hearing the testimony, the commissioner orally ruled, in part, that "as a result of the mental disorder, [GR] continues to present a substantial likelihood of repeating acts similar to the charged criminal behavior." *Id.* at 26. Immediately after the oral ruling, GR's counsel asked if the commissioner had made "findings regarding the felony acts." *Id.* at 27. The commissioner stated that she had.

3

No. 52791-0-II

The commissioner then entered written findings of fact and conclusions of law. Finding of fact 2 stated that the reason for the commitment was that GR suffered from a mental disorder, that the felony first degree arson charge had been dismissed after he had been found incompetent, and that "as a result of a mental disorder, [GR] present[ed] a substantial likelihood of repeating similar acts." CP at 18. Specifically, this finding stated,

> The Respondent was determined to be incompetent and felony charges were dismissed. Respondent committed the following acts per the testimony of Deputy Joseph Solberg that the defendant admitted to causing a fire and damaging a dwelling or trailer by placing a coat on the stove and turning it up high, *which constitute the felony/felonies of Arson in the First Degree* within the meaning of RCW 71.05, and as a result of a mental disorder, Respondent presents a substantial likelihood of repeating similar acts.

*Id.* (emphasis added). But the commissioner did not check the preprinted box immediately below this finding that stated, "The acts [GR] committed constitute a violent offense under RCW 9.94A.030."[3] *Id.* The commissioner ordered 180 days of intensive inpatient treatment.

## II. MOTION FOR RECONSIDERATION

DSHS moved for reconsideration, arguing that the commissioner should modify her findings to reflect that the first degree arson constituted a violent offense under RCW 9.94A.030.[4] It asserted that this finding was required under RCW 71.05.280(3)(b). In a supporting declaration, DSHS' counsel stated,

> In reviewing the Court's Findings, Conclusions, and Order Committing [GR] for Involuntary Treatment following the hearing, I observed that the Court had not checked the box pertaining to violent felony. I brought this matter to the Court's

---

[3] The commissioner also found that GR was or continued to be gravely disabled.

[4] DSHS' motion did not refer to CR 59; it merely asked the commissioner to revise her decision to include a finding that the first degree arson was a violent felony.

4

attention and was informed that the Court did not check this box because she had not heard any evidence nor presentation of statutes pertaining to the violent felony.

CP at 28.[5]

DSHS asked the commissioner to reconsider her decision to decline to find that the act GR committed was a violent felony. It argued that this additional finding was required because Solberg's testimony established that GR had committed acts that constituted first degree arson, the commissioner had made a finding to this effect, and "the petition set forth the statutory authority for a finding that Arson in the First Degree constitutes a violent felony." *Id.* at 24. Alternatively, DSHS requested that the commissioner take judicial notice that first degree arson constitutes a violent felony.

GR responded that he did not contest the motion for reconsideration. He also stated that he did not contest the request that the findings of fact include a finding that the acts committed constituted a violent offense under RCW 9.94A.030.

The commissioner denied reconsideration. In her order denying reconsideration, the commissioner merely quoted CR 59(a)(1) through (9) and stated that there was "no basis to support reconsideration" and "[n]one of the above factors has been satisfied." CP at 57. The commissioner's ruling did not explain how DSHS failed to establish any of the nine factors.

---

[5] It is unclear from the record how DSHS contacted the commissioner.

No. 52791-0-II

DSHS appeals the commissioner's failure to find that the first degree arson was a violent offense under RCW 9.94A.030 and the commissioner's denial of DSHS' motion for reconsideration.[6]

## DISCUSSION

DSHS argues that the commissioner erred in failing to make a determination, as a matter of law, as to whether the felony act GR committed constituted a violent offense under RCW 9.94A.030, as required under RCW 71.05.280(3)(b). In the alternative, DSHS argues that the commissioner erred in denying the motion for reconsideration because her decision was contrary to law under CR 59(a)(7). GR responds that the commissioner did not abuse her discretion in denying the motion for reconsideration because DSHS did not argue that first degree arson was a violent offense until it moved for reconsideration.

### I. LEGAL PRINCIPLES

We review a trial court's denial of a motion for reconsideration for abuse of discretion. *Rivers v. Wash. State Conf. of Mason Contractors*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Id.* at 684-85.

### II. PRESERVATION

We first address GR's argument that the commissioner did not err in denying the motion for reconsideration because DSHS had not previously argued that the first degree arson was a violent felony. We disagree.

---

[6] Because the parties did not move for revision of the commissioner's decision by a superior court judge, RCW 2.24.050 allows for the direct appeal of the commissioner's decision.

First, the commissioner's order denying the motion for reconsideration did not state that she was refusing to consider DSHS' argument because it had not been raised before. The commissioner stated only that there was "no basis to support reconsideration" and that DSHS had failed to satisfy any of the grounds for reconsideration available under CR 59. CP at 57.

Second, even if the commissioner's decision had been based on a failure to raise the issue, the record does not support that characterization of the record. DSHS alleged in its petition that first degree arson was a violent offense under RCW 9.94A.030. During the hearing, DSHS characterized the first degree arson as an act of violence when questioning Lane. And GR specifically asked the commissioner if she had made "findings regarding the felony acts," and the commissioner responded that she had, which could reasonably be interpreted as the commissioner stating that she had considered whether the first degree arson was a violent offense. VRP at 27. Additionally, when it became apparent to DSHS that the commissioner had not made a finding as to whether the underlying felony was a violent offense, DSHS brought this to her attention. Thus, the commissioner had an opportunity to address this issue before the motion for reconsideration and failure to previously raise this issue would not be a ground upon which the commissioner could deny the motion for reconsideration.

### III. ABUSE OF DISCRETION

Although the commissioner's ruling denying DSHS' motion for reconsideration states that DSHS failed to "satisf[y]" any of the nine CR 59 grounds, DSHS demonstrates that the commissioner's failure to determine whether the first degree arson was a violent offense was contrary to law under CR 59(a)(7). CP at 57. Under CR 59(a)(7), a trial court may vacate its decision on the grounds that the decision was "contrary to law." Refusal to correct a legal error

7

raised in a motion for reconsideration is an abuse of discretion. *Singleton v. Naegeli Reporting Corp.*, 142 Wn. App. 598, 612, 175 P.3d 594 (2008).

RCW 71.05.280 provides, in part,

At the expiration of the fourteen-day period of intensive treatment, a person may be committed for further treatment pursuant to RCW 71.05.320 if:

. . . .

(3)    Such person has been determined to be incompetent and criminal charges have been dismissed pursuant to RCW 10.77.086(4), and has committed acts constituting a felony, and as a result of a mental disorder, presents a substantial likelihood of repeating similar acts.

. . . .

(b)    For any person subject to commitment under this subsection where the charge underlying the finding of incompetence is for a felony classified as violent under RCW 9.94A.030, *the court shall* determine whether the acts the person committed constitute a violent offense under RCW 9.94A.030.

(Emphasis added.)

Here, the commissioner found that GR's acts constituted first degree arson. RCW 71.05.280(3)(b)'s express reference to "the court" establishes that the court, in this instance the commissioner, was required to determine whether the underlying felony offense was a violent offense, a pure question of law.

First degree arson is a class A felony. RCW 9A.48.020(2). Under RCW 9.94A.030(56)(a)(i), "[a]ny felony defined under any law as a class A felony or an attempt to commit a class A felony" is a violent offense. As a matter of law, the first degree arson was a violent offense.[7]

---

[7] GR argues that the commissioner had to "decide whether the person's *actual conduct* would be classified as a violent offense." Br. of Resp't at 5. But the commissioner found that GR's actual conduct amounted to first degree arson; the only remaining determination was whether first degree arson was a violent offense under RCW 9.94A.030.

No. 52791-0-II

Because the determination that first degree arson was a violent offense should have been made by the commissioner as a matter of law, the commissioner's failure to make this finding was error and, therefore, "contrary to law." *See* CR 59(a)(7). Thus, the commissioner's failure to find that the first degree arson was a violent offense and her decision to deny the motion for reconsideration was an abuse of discretion.

Accordingly, we reverse the commitment order in part and remand this matter back to the commissioner to enter a finding that the first degree arson was a violent offense under RCW 9.94A.030.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, A.C.J.

9